NESBITT, Judge.
Petitioners seek a writ of common law certiorari to review the trial court’s denial of their motion to compel production of a deposition and exhibit and its granting of the respondent’s cross-motion for a protective order. We grant certiorari and quash the orders under review.
Gellert and Eastern Air Lines are embroiled in an action and counterclaim for defamation. 438 So.2d 923. During the course of preparation for trial, Gellert took the deposition of the attorney who represented his former wife in dissolution of marriage proceedings. On direct examination, several questions were propounded and answered concerning a letter which was identified as one written in the course of a grievance procedure initiated by Gel-lert against the attorney being deposed. However, on cross-examination, the attorney refused to answer any further questions regarding the letter and also retrieved the document which had previously been marked as an exhibit. The basis for this action, according to the attorney, was that the document was privileged because it was part of a grievance proceeding conducted by the Florida Bar and as such he claimed privilege under Florida Bar Integration Rule, article 11, rule 11.12. When the deposition was transcribed, the exhibit and relevant portions of the transcript were omitted.
Subsequently, Eastern filed a motion to compel the production of the complete deposition and the attorney sought a protective order. The protective order was granted precipitating Eastern’s petition for certiora-ri.
*571 We admit that the record before us is scant. However, it is clear that the letter contained a bar grievance number and both sides concede that some type of grievance proceeding had been instituted by Gellert against the attorney. It is also evident that Gellert, who was the complaining witness against the attorney, has waived any privilege of confidentiality which might have existed by introducing the letter and propounding questions to the wife’s attorney about it. The attorney who was the alleged subject of the grievance proceeding has waived any possible privilege in his favor by answering questions about the letter on direct examination. Once a waiver of a privilege has occurred, it cannot be recanted. Therefore, we have little difficulty concluding that a waiver has occurred by the two parties in interest.
While we recognize that an argument may be made that our ruling today will have a chilling effect upon others who might want to bring their grievances before the bar, we conclude that this concern is minimal where both of the interested parties have waived any right they may have had to confidentiality. Nonetheless, because this issue presents a question of public importance, we certify the following question to the Supreme Court for resolution:
Where the principal parties (complainant and offending attorney) have waived any right which they may have had to confidentiality, does Integration Rule, article II, rule 11.12 provide any residual prohibition against a waiver?
Based on the foregoing, we grant the petition for certiorari and quash the orders under review with directions to compel the production of the deposition and exhibit.